UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
JOHN MORALES,

               Petitioner,

          v.

                                             11 CV 3759 (SJ)

                                           <u>MEMORANDUM</u>
                                           <u>AND ORDER</u>


UNITED STATES OF AMERICA,

               Respondent.

-------------------------------------------------X

A P P E A R A N C E S
JOHN MORALES, *Pro Se*
# 75257-053
CI Moshannon Valley
Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866


UNITED STATES ATTORNEY
Loretta E. Lynch
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Elizabeth Jane Kramer
*Attorney for Respondent*

JOHNSON, Senior District Judge:

       The facts and circumstances surrounding the instant petition ("Petition") are

more fully set forth in (1) the Court's June 11, 2010 order sanctioning petitioner John

Morales' ("Petitioner" or "Morales") former attorneys, E. Abel Arcia ("Arcia") and

Earnest Atalay ("Atalay") for failing to abide by court orders (the "Sanctions Order")

and (2) the Court's May 21, 2013 order directing Arcia to return $5,000 to Morales ("Order Disgorging Fees").   See United States v. Morales, No. 07 CR 460 (SJ) ("Criminal Docket"), at Dkt. No. 86; see also Morales v. Arcia, No. 13 MC 89 (SJ), at Dkt. No. 30.  Familiarity with each is assumed.

Briefly, Morales was arrested pursuant to a four-count indictment.  He was charged with conspiracy to import heroin, importation of heroin, conspiracy to possess heroin with intent to distribute, and possession of heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), 952(a), 960(a)(1), 960(b)(2)(A) and 963. See Criminal Docket No. 1 (E.D.N.Y. Filed June 5, 2007) (the "Criminal Proceedings").  While there is a dispute as to whether he was made aware of subsequent plea offers made by the government, it is undisputed that on May 20, 2008 he rejected the most generous of these offers, which provided for a guideline range of 60 to 71 months imprisonment.  Morales went to trial and, on December 15, 2008, was convicted on all four counts.  Upon conviction, Morales' guideline range was 121 to 151 months imprisonment.

Throughout the proceedings, Arcia's firm, through either Arcia himself or Atalay, failed to make certain court appearances and ultimately delayed sentencing by over year.  An investigation by the Court revealed a pattern of neglect that went undetected since at least November of 2007.

After two show cause hearings, the Court determined that Arcia and Atalay were in contempt of court, and new counsel was appointed to represent Morales for sentencing purposes. The Court took Arcia's and Atalay's conduct into account

2

pursuant to 18 U.S.C. § 3553(a)(1), which requires consideration during sentencing of "the nature and circumstances of the offense and the history and characteristics of the defendant." Accordingly, the Court issued a downward departure from the range of 121 to 151 months and sentenced Morales to a term of 89 months.

On August 2, 2011, Morales filed the instant Petition to vacate his sentence pursuant to 42 U.S.C. § 2255, claiming ineffective assistance of counsel on the part of both Atalay and Arcia by allegedly dissuading him from pleading guilty.

While the Petition was pending, the Grievance Committee for the Second, Eleventh, Thirteenth Judicial Districts, acting on a complaint filed therewith by Morales, admonished both attorneys for committing misconduct. The Committee notified the Court of same by letter dated January 20, 2012. Morales then filed a *pro se* "Motion to Order Defendants to Return Legal Fees Paid by Petitioner." See generally Morales v. Arcia at Dkt No. 1. On May 21, 2013, the Court granted his motion, in part, finding Arcia's time records questionable, and ordering the return of $5,000 to Morales.

DISCUSSION

In Strickland v. Washington, 466 U.S. 668, 688 (1984), the Supreme Court established a two-part test to determine whether counsel's assistance was ineffective. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. When evaluating counsel's performance, courts give deference to the attorney, since it is all too tempting for a

3

defendant to second-guess counsel's assistance after conviction. To fairly assess an attorney's performance, courts eliminate the effect of hindsight by reconstructing the circumstances of counsel's conduct from counsel's perspective. Thus, to meet the first prong of the Strickland test, Petitioner must overcome the strong presumption that the challenged action was sound trial strategy under the circumstances at the time. See id. at 689.

Second, the defendant must show that counsel's performance prejudiced his defense. See id. at 692. To show prejudice, there must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 694. Thus, the petitioner must demonstrate that counsel failed to raise significant and obvious issues that if raised, would likely have been successful. See Mayo v. Henderson, 13 F.3d 528, 533–34 (2d Cir. 1994). Because a convicted defendant will always have a strong incentive to make a prejudice claim after conviction, courts are skeptical of "self-serving, post-conviction testimony" that but for counsel's bad advice, the defendant would have pled guilty or gone to trial. See Purdy v. Zeldes, 337 F.3d 253, 259 (2d Cir. 2003) (in addressing prejudice showing required on ineffective assistance claim, court noted that "a convicted felon's self-serving testimony is not likely to be credible"). A defendant must meet both prongs to prove that the conviction resulted from a breakdown in the adversary process.

Whether or not Morales prevails on the first <u>Strickland</u> prong, he fails on the second.  Morales has not proffered "objective evidence that he would have accepted the plea offer." <u>Puglisi v. United States</u>, 586 F.3d 209, 217 (2d Cir. 2009); <u>see</u> <u>also</u> <u>United States v. Gordon</u>, 156 F.3d 376, 380-381 (2d Cir. 1998) (holding self-serving testimony insufficient to establish a reasonable probability that plea would have been accepted).

Nowhere in the Petition does Morales state that he would have pled guilty. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 60 (1985) (finding petitioner to have failed to show prejudice where petition did not allege that different advice from counsel would have affected his plea).  Instead, Morales merely complains that he was dissuaded from pleading guilty, was not shown all but the first of several plea agreements offered by the government, and that Arcia gave him false hopes of success at trial.  Failure to allege that an offered plea would have been accepted is a "critical" one. <u>See</u> <u>Aeid v. Bennett</u>, 296 F.3d 58, 64 (2d Cir. 2002).

Other factors "that tend to corroborate or refute whether a defendant would have accepted a plea offer include the defendant's continued protestations of innocence, and the disparity between the maximum sentence under the plea offer and the sentence received at trial." <u>Mickens v. United States</u>, No. 97 CV 2122 (JS), 2005 WL 2038589, at *3 (E.D.N.Y.  Aug. 17, 2005) (<u>citing</u> <u>Pham v. United States</u>, 317 F.3d 178, 182 (2d Cir. 2003) <u>and</u> <u>United States v. Perez Gomez</u>, No. 98 CV 109, 2003 WL 2219123, at *6 (D. Conn. Aug. 29, 2003)).   In this case, both factors point against a finding of prejudice.  Morales' willingness to offer perjured testimony in

his defense belies any argument that he would have pled guilty, especially in light of his admitted reluctance to being deported.  And even under the most favorable plea agreement offered by the government, Morales' guideline range would have been 60 to 71 months.  The high end of this range is 18 months shorter than the 89 month sentence Morales received.  This is not a substantial disparity and it is undisputed that Morales rejected this plea in writing.  Compare Raysor v. United States, 647 F.3d 491 (2d Cir. 2011) (holding difference between a 29 year sentence and multiple life sentences to be substantial); and Defillipo v. United States, No. 09 CV 4153 (NGG), 2012 WL 18022016, at *3 (E.D.N.Y. May 17, 2102) (finding 25 year disparity between sentence offered in the plea agreement and ultimate sentence to be objective evidence that petitioner would have pled guilty); with Perez Gomez, 2012 WL 22119123, at *6 (finding a range 19 to 27 months shorter than imposed sentence of 60 months insufficient in the face of "unwavering protestations of innocence and absence of anything . . . suggesting [petitioner] would have been amenable to negotiating a plea of guilty"); and Vasquez v. United States, 733 F. Supp. 2d 452, 461 (S.D.N.Y. 2010) ("While two years is a long time, it is not enough on its own to indicate that Petitioner would have pled differently.")

The disparity between the sentences offered in the less favorable plea agreements and the 89 month sentence Morales received is in one case smaller (a September 4, 2008 offer of 63-78 months) and in the remaining cases, is nonexistent (offers of 78-97 months and 97-121 months, respectivevly).    Therefore, even

assuming counsel's failure to communicate the subsequent offers, there is no resulting prejudice to Morales.

<u>CONCLUSION</u>

For the foregoing reasons, the Petition is denied.  The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated:  May 29, 2013                    _____/s_____
         Brooklyn, New York              Sterling Johnson, Jr., U.S.D.J.