UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JOHN MORALES,

       Petitioner,

                                  11 CV 3759 (SJ)

   v.

                                  <u>MEMORANDUM
AND ORDER</u>

UNITED STATES OF AMERICA,

       Respondent.
----------------------------------------------------X

A P P E A R A N C E S
JOHN MORALES, *Pro Se*
# 75257-053
CI Moshannon Valley
Correctional Institution
P.O. Box 2000
Philipsburg, PA 16866

UNITED STATES ATTORNEY
Loretta E. Lynch
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Elizabeth Jane Kramer
*Attorney for Respondent*

      The facts and circumstances surrounding the instant motion for reconsideration ("Motion") are more fully set forth in (1) the Court's June 11, 2010 order sanctioning petitioner John Morales' ("Petitioner" or "Morales") former attorneys, E. Abel Arcia ("Arcia") and Earnest Atalay ("Atalay") for failing to

1

abide by court orders (the "Sanctions Order"); (2) the Court's May 21, 2013 order directing Arcia to return $5,000 to Morales ("Order Disgorging Fees"); and (3) the Court's May 29, 2013 order denying Morales' Petition to Vacate his Sentence pursuant to 42 U.S.C. § 2255 ("Section 2255").  See United States v. Morales, No. 07 CR 460 (SJ) ("Criminal Docket"), at Dkt. No. 86; see also Morales v. Arcia, No. 13 MC 89 (SJ), at Dkt. No. 30; Morales v. United States, No. 11 CV 3759 (SJ) at Dkt. No. 11.  Familiarity with each is assumed.

Briefly, Morales was charged with four narcotics-related offenses.  On May 20, 2008, he rejected a plea offer by the government that provided for a guideline sentence of 60 to 71 months, and went to trial.  On December 15, 2008, he was convicted of all four counts and faced a guideline range of 121 to 151 months. While there were interim plea offers between his rejection of the first offer and the commencement of trial, Morales alleges his attorneys failed to communicate those offers to him. That alleged failure was the basis of his Section 2255 petition, wherein he argued that his counsel was, for Sixth Amendment purposes, ineffective, as defined by Strickland v. Washington, 466 U.S. 668, 688 (1984), and its progeny.

This Court denied the Petition, finding that whether or not Morales could satisfy the first of Stickland's factors, he failed to satisfy the second.  Specifically, the Court assumed arguendo that the advice and/or inaction of counsel was deficient, and proceeded to analyze whether that alleged deficiency stood to

prejudice Morales. The Court found that the evidence failed to show that Morales would have accepted any plea offer because (1) the Petition failed to allege same; (2) his perjured trial testimony indicated a lack of willingness to accept responsibility, which was bolstered by his knowledge that a conviction could result in his deportation; and (3) the disparity between the plea offers he says were not communicated to him and the sentence he actually received was not compelling. (Dkt. No. 11 at 5-6 (collecting cases).) On June 14, 2013, Morales moved for reconsideration, arguing (1) that he did indeed state that he would have pled guilty if his counsel had "properly offered one to him;" and (2) that any disparity in sentences is of Sixth Amendment significance.

The statement on which he relies in support of his Motion is found in a December 15, 2011 affidavit in which he states: "Mr. Arcia never gave any advised [*sic*] as to the wisdom of accepting or rejecting a guilty plea. Which if Mr. Arcia would have properly informed, I would have accepted a plea offer." However, it is undisputed that on May 20, 2008, Morales rejected the most generous offer made by the government. His signed acknowledgment states, in relevant part:

> My attorney has informed me that the Office of the United States Attorney has indicated that, unless the aforementioned agreement is executed and a plea entered by May 22, 2008, there will be no further plea negotiations in this case. Further, the Office of the United States Attorney has indicated that, should I fail to execute the plea agreement and to enter a plea, that additional charges will be filed against me and that those additional charges will preclude me from availing myself from the downward departure in the corresponding Sentencing Guidelines range pursuant to the Safety Valve.

(Morales v. Arcia, No. 13 MC 89 (SJ), at Dkt No. 22.) In light of this evidence, a conclusory allegation that he would have pled guilty submitted in reply to the government's opposition is insufficient to establish a *reasonable probability* that he would have done so. See Mickens v. United States, No. 97 CV 2122 (JS), 2005 WL 2038589, at *3 (E.D.N.Y. Aug. 17, 2005) ("[A] defendant alleging an uncommunicated settlement offer must establish, through some objective evidence, that if they had received the plea offer, they would have accepted it.").

Petitioner next argues that the Court erred in determining that the 18 month disparity between the best plea agreement offered to Morales and the sentence he received after trial was insignificant under Strickland's prejudice prong. He argues that, pursuant to Glover v. United States, 531 U.S. 198, 200 (2001), "any amount of jail time has significance."

In Glover, petitioner's trial counsel failed to have certain convictions grouped for sentencing purposes. Id. at 201. The court assumed arguendo that the failure constituted deficient performance and evaluated whether the increased guideline range resulting from that failure constituted prejudice under Strickland. Id. at 204. Because "any amount of actual jail time has Sixth Amendment significance," Glover, 531 U.S. at 200, the court concluded that there was prejudice.

However, Morales' reliance on this concept is misplaced. He was informed in writing that his failure to accept the most generous plea offered would result in

4

additional charges being brought against him and would preclude him from being able to obtain certain downward departures – in other words, that he would be exposed to more jail time. He himself determined that that risk was not significant enough to warrant accepting responsibility for crimes he now freely admits he committed. And by falsely testifying as to his innocence, he unilaterally compounded that risk. See, e.g., United States v. Faubion, 19 F.3d 226, 229-230 (5th Cir. 1994) ("In light of her penalty for obstruction…[petitioner's] complaint regarding her attorney's failure to recommend pleading guilty is an empty charge.").

While it is true that any amount of jail time is significant for Sixth Amendment purposes, Morales' exposure to at most an additional 18 months, in light of all of the evidence, is not so much that the Court must assume the he would have pled guilty but for some error of counsel. See Puglisi v. United States, 586 F.3d 209 217 (2d Cir. 2009) (requiring "objective evidence that [petitioner] would have accepted the plea offer"). Therefore, Glover is inapposite.

## CONCLUSION

Morales has been before this Court for six years now. In the course of his criminal case, the Court, sua sponte, inquired as to the competence of Arcia and Atalay when it became apparent that their representation fell short of zealous. Morales continued to express satisfaction with Arcia and Atalay even after they

were held in contempt. The Court sanctioned the attorneys in a written order which was forwarded to the appropriate grievance committee to determine whether further action was warranted. Only then did Morales file his own complaint against Arcia with the grievance committee, substantiating it with a copy of the Court's order.

At the sentencing phase, the Court downwardly departed from a range of 121 to 151 months to a sentence of 89 months. This action, too, was taken by the Court in response to the unique posture of the case. Finally, the Court took the extraordinary step of ordering the reduction of Arcia's fee by a factor of one-third, which resulted in a return of $5,000 to Morales,[1] who by then had switched from protesting his innocence to insisting that he is guilty but was somehow fooled into going to trial.

Notwithstanding the foregoing efforts by the Court, Morales remains unsatisfied with the sum of the Court's rulings and wants his conviction vacated altogether. However, he has failed to establish that his decision to go to trial was either not his own or was uninformed. That failure is fatal to his <u>Strickland</u> claim, and his Motion is denied.

SO ORDERED.

Dated: August 5, 2013   _____/s_____
       Brooklyn, New York      Sterling Johnson, Jr., U.S.D.J.

---

[1] Arcia was ordered to return $5,000 to Morales and to consider satisfied an outstanding debt of $5,000. In combination, the order had the effect of reducing Arcia's fee from $30,000 to $20,000.